1             United States District Court
2         for the Southern District of California
3
                                    )
4  UNITED STATES OF AMERICA,         )
                                    ) No. 15-CR-0174-W
5       Plaintiff,                   )
                                    ) January 19, 2016
6            v.                      )
                                    ) San Diego, California
7  MARCHELLO DSAUN McCAIN,           )
                                    )
8       Defendant.                   )
                                    )
9
10         Transcript of Change of Plea Hearing
        BEFORE THE HONORABLE THOMAS J. WHELAN
11              United States District Judge

12 APPEARANCES:

13 For the Plaintiff:      UNITED STATES ATTORNEY'S OFFICE
                           SHANE P. HARRIGAN
14                         CAROLINE PINEDA HAN
                           880 Front Street, Room 6293
15                         San Diego, CA   92101

16 For the Defendant:      BURCHAM & ZUGMAN
                           DAVID J. ZUGMAN
17                         1010 Second Ave., Ste. 1800
                           San Diego, CA   92101
18

19

20
   Court Reporter:         Dana Peabody, RDR, CRR
21                         District Court Clerk's Office
                           333 West Broadway, Suite 420
22                         San Diego, California, 92101
                           DanaPeabodyCSR@gmail.com
23

24

25

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | San Diego, California, January 19, 2016                              |
|       | 2  | * * *                                                                |
|       | 3  | THE CLERK:  Matter number 8 of the calendar,                         |
|       | 4  | 15-CR-0174, United States of America versus Marchello Dsaun          |
| 09:35 | 5  | McCain.                                                              |
|       | 6  | MR. ZUGMAN:  Good morning, Your Honor.  David Zugman                 |
|       | 7  | on behalf of Mr. McCain.                                             |
|       | 8  | THE COURT:  Good morning.                                            |
|       | 9  | MR. HARRIGAN:  Shane Harrigan and Caroline Han                       |
| 09:35 | 10 | appearing on behalf of the United States.                            |
|       | 11 | THE COURT:  Good morning to both of you.                             |
|       | 12 | MS. HAN:  Good morning, Your Honor.                                  |
|       | 13 | MR. ZUGMAN:  This is Mr. McCain.  He is present in                   |
|       | 14 | custody.                                                             |
| 09:37 | 15 | THE COURT:  The matter is on calendar for a status                   |
|       | 16 | hearing.  I'm aware, Mr. Zugman, that you filed a motion, the        |
|       | 17 | government has responded to the motion.  What do we want to do?      |
|       | 18 | MR. ZUGMAN:  I spoke with the prosecution briefly                    |
|       | 19 | before the hearing.  The intention would be that Mr. McCain          |
| 09:37 | 20 | would enter his pleas to every count except for the 1001 count.      |
|       | 21 | We would continue the motions to some date convenient, probably      |
|       | 22 | two to three months out.  The government recognizes that             |
|       | 23 | there's more discovery that needs to be produced, and they           |
|       | 24 | intend on producing that, so that would be our request of the        |
| 09:38 | 25 | Court.                                                               |

```
              1              THE COURT:  All right.  Just I'll start with the
              2   continuance of the motion hearing on Count 7.  I assume that's
              3   agreeable with the government?
              4              MR. HARRIGAN:  Yes, Your Honor.
09:38         5              THE COURT:  And, Mr. McCain, is that going to be all
              6   right with you, sir?
              7              THE DEFENDANT:  Yes, Your Honor.
              8              THE COURT:  Do you want to go about three months,
              9   Mr. Zugman?
09:38        10              MR. ZUGMAN:  Yes, Your Honor.
             11              THE COURT:  That will put us into April.  I can do
             12   April 4th, April 18th.
             13              MR. ZUGMAN:  April 11th would be preferable for me.
             14              THE COURT:  The 11th at 9:00, and I'll just call it
09:38        15   for status.  Is that agreeable with the government?
             16              MR. HARRIGAN:  Yes.
             17              THE COURT:  And, Mr. McCain, is that all right?
             18              THE DEFENDANT:  Yes.
             19              THE COURT:  That's as to Count 7.
09:38        20         Now, with regard to the other six counts, is there a
             21   plea agreement?
             22              MR. ZUGMAN:  No, Your Honor.  He's entering an open
             23   plea to the other six counts.
             24              THE COURT:  All right.  Mr. McCain, would you raise
09:38        25   your right hand to be sworn, sir.
```

```
         1        (Oath administered.)
         2             THE COURT:  You can put your hand down, sir.
         3             Have you taken any drugs or alcoholic beverages in the
         4   last 24 hours?
09:39    5             THE WITNESS:  No.
         6             THE COURT:  Your attorney just told me that you want
         7   to plead guilty this morning to five counts to being a felon in
         8   possession of a firearm and ammunition and that there was --
         9   possession of that weapon violated interstate commerce.  Is
09:39   10   that what you want to do, plead to those charges?
        11             THE DEFENDANT:  Yes.
        12             THE COURT:  He also told me you want to plead to one
        13   count of felon in possession of body armor.  Is that what you
        14   want to do, plead to that charge also?
09:39   15             THE DEFENDANT:  Yes, Your Honor.
        16             THE COURT:  In exchange for your guilty plea, as
        17   you've just heard me be told by the parties, you don't have any
        18   plea agreement.  Is that right?
        19             THE DEFENDANT:  Yes, Your Honor.
09:39   20             THE COURT:  Has anybody made any promises to you in
        21   order to get you to change your plea this morning?
        22             THE DEFENDANT:  No, Your Honor.
        23             THE COURT:  Have you made any agreements, orally or
        24   otherwise, with the government with regard to getting you to
09:39   25   plead this morning?
```

```
                1        THE DEFENDANT:  No, Your Honor.
                2        THE COURT:  And have you had enough time to talk to
                3   your attorney about entering the pleas this morning without a
                4   plea agreement?
09:40           5        THE DEFENDANT:  Yes, Your Honor.
                6        THE COURT:  Have you had enough time to talk to him
                7   about all the facts of your case?
                8        THE DEFENDANT:  Yes, Your Honor.
                9        THE COURT:  Are you satisfied with his representation
09:40          10   of you?
               11        THE DEFENDANT:  Yes, Your Honor.
               12        THE COURT:  All right.  If you plead guilty, do you
               13   understand that you're going to be giving up your
               14   constitutional rights?
09:40          15        THE DEFENDANT:  Yes, Your Honor.
               16        THE COURT:  Those rights include your right to trial
               17   by jury, your right to confront and cross-examine the witnesses
               18   against you, and your right against self-incrimination.  Do you
               19   understand your rights?
09:40          20        THE DEFENDANT:  Yes.
               21        THE COURT:  Do you give them up?
               22        THE DEFENDANT:  Yes.
               23        THE COURT:  And, Mr. Zugman, do you join in the
               24   waiver?
09:40          25        MR. ZUGMAN:  I do.
```

09:40

09:40

09:41

09:41

09:41

THE COURT: Do you understand that the maximum penalty for each of the five firearm counts is up to ten years in jail, a fine of up to $250,000, mandatory special assessment of $100, and following your release from custody, you'll be on supervised release for up to three years?

With regard to the offense of felon in possession of body armor, the maximum penalty for that offense is up to three years in jail. There's a fine of up to $250,000, a mandatory special assessment of $100, and you could be on supervised release in that case for up to one year.

Are you aware of the maximum punishments that you'd be facing?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Who wants to give me a factual basis for the pleas?

MR. ZUGMAN: I can do it, Your Honor, if you prefer.

THE COURT: I don't know the facts. I can't do it.

MR. ZUGMAN: Fair enough.

With respect to Count 1, on February 13, Mr. McCain, having previously been convicted in the district court for the Central District in the State of Minnesota -- I hope I don't have to repeat that for each one. It's true for each count. He has a felony conviction. He did knowingly and unlawfully possess firearms and ammunition which affected interstate commerce, which included five rounds of Winchester 12 gauge

|       |    |                                                                        |
|-------|----|------------------------------------------------------------------------|
|       | 1  | ammunition, a Mossberg model 500 shotgun, an AR-15 style               |
|       | 2  | semiautomatic.                                                         |
|       | 3  | On May 29th, still having that felony conviction, he                   |
|       | 4  | did possess a Glock 19 9 millimeter pistol, Mossberg model 500         |
| 09:41 | 5  | shotgun.                                                               |
|       | 6  | On September 9th Mr. McCain, still having that                         |
|       | 7  | conviction, did possess a Glock pistol and the Mossberg                |
|       | 8  | shotgun.                                                               |
|       | 9  | On January 23rd Mr. McCain, with that same conviction,                 |
| 09:42 | 10 | did possess a stolen Springfield Armory model 9 millimeter             |
|       | 11 | pistol, nine rounds of ammunition, one round of Federal 9              |
|       | 12 | millimeter ammunition, five rounds of Winchester 12 gauge              |
|       | 13 | shotgun rounds, 15 rounds of Winchester PDX1 Defender .38              |
|       | 14 | special hollow point ammunition, and 35 rounds of Century Arms         |
| 09:42 | 15 | 7.62 millimeter HotShot ammunition.                                    |
|       | 16 | With respect to Count 5, on January 23rd, Mr. McCain,                  |
|       | 17 | still having that conviction, did possess body armor, serial           |
|       | 18 | number 125375, that had been shipped and transported in                |
|       | 19 | interstate and foreign commerce.                                       |
| 09:42 | 20 | I should mention all the weapons that we've                            |
|       | 21 | described -- that I've described -- have traveled and are              |
|       | 22 | related to interstate and foreign commerce.                            |
|       | 23 | On January 26th, 2015, Mr. McCain did possess a Glock                  |
|       | 24 | 9 millimeter pistol, a Harrington Richardson 1871 Pardner Pump         |
| 09:43 | 25 | 12 gauge shotgun, and an M1 carbine, all in violation of               |

```
         1  section 922.
         2          THE COURT:  All right.  With regard to his prior
         3  conviction, is it also part of the factual basis that the
         4  punishment for that conviction exceeded one year?
09:43    5          MR. ZUGMAN:  Yes, Your Honor.
         6          THE COURT:  Is the government satisfied with the
         7  factual basis?
         8          MR. HARRIGAN:  I am as to Counts 1 through 4 and 6.
         9          As to the body armor, just because the elements are a
09:43   10  little different, Your Honor, maybe the government could state
        11  those.  We have to show that the defendant's convicted of a
        12  crime of violence as defined under Title 18 U.S. Section 16;
        13  that he owned, purchased, or possessed the body armor; that the
        14  body armor had traveled interstate commerce at some point
09:44   15  during its existence; and that the defendant possessed it
        16  knowingly; that is, he has to know that what he possessed was
        17  body armor; and that the possession was voluntary and
        18  intentional.
        19          In this case the government proffered that on January
09:44   20  23rd at an attached garage in his apartment building, he
        21  possessed body armor -- knowingly possessed body armor as
        22  detailed in Count 5 of the indictment.
        23          And as to the interstate commerce nexus, that that
        24  body armor in or about 2011 was manufactured in Brooklyn,
09:44   25  New York, and at some point traveled from Brooklyn, New York,
```

to Camp Pendleton, California, and ultimately ended up in the possession of the defendant.

As to -- because this is a little bit different definition, in terms of the violent felony, defendant, I believe, would stipulate that his conviction for assault in the second degree in violation of Minnesota Statute 609.222, the two counts, which are punishable by a term of imprisonment of more than one year, qualified as crimes of violence under 8 USC Section 16(a).

MR. ZUGMAN: Stipulated, Your Honor.

THE COURT: Do you agree with that also, Mr. McCain?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. In this matter the Court finds you're in full possession of your faculties, you do understand the nature of these proceedings and the consequences of your plea. I find that you understand your constitutional rights, that you made a knowing, intelligent, voluntary waiver of your rights.

Permission to withdraw your not guilty pleas to Counts 1 through 6 of the superseding -- second superseding indictment is granted.

How do you plead to the charge in Count 1 that on or about February 13, 2014, within the Southern District of California, the defendant, Marchello Dsaun McCain, being a person who had previously been convicted in a court,

1   specifically on or about May 31, 2005, in the district court or
2   the Fourth Judicial District of the State of Minnesota, County
3   of Hennepin, of two counts of assault in the second degree in
4   violation of Minnesota Statute Section 609.222, a crime
5   punishable by imprisonment for a term exceeding one year, did
6   knowingly, unlawfully possess firearms and ammunition
7   affecting -- in and affecting commerce, specifically five
8   rounds of Winchester 12 gauge 2.75 inch 7.5 shot shotgun
9   ammunition, a Mossberg model 500 12 gauge pump action shotgun,
10  serial number U645986, and an AR-15 style automatic
11  semiautomatic rifle, all in violation of Title 18 United States
12  Code Section 922(g)(1); guilty or not guilty, sir?
13          THE DEFENDANT:  Guilty.
14          THE COURT:  How do you plead to the charge in Count 2
15  that on or about May 29, 2014, within the Southern District of
16  California, the defendant, Marchello Dsaun McCain, being a
17  person who had previously been convicted in a court,
18  specifically on or about May 31, 2005, in the district court
19  for the Fourth Judicial District for the State of Minnesota,
20  County of Hennepin, of two counts of assault in the second
21  degree in violation of Minnesota Statute Section 609.222, the
22  crime punishable by imprisonment for a term exceeding one year,
23  did knowingly and unlawfully possess firearms in and affecting
24  commerce, specifically a Glock model 19 9 millimeter caliber
25  pistol, serial number RXU609, and a Mossberg model 500 12 gauge

```
        1   pump action shotgun, serial number T893954, all in violation of
        2   Title 18 United States Code Section 922(g)(1); guilty or not
        3   guilty, sir?
        4            THE DEFENDANT:  Guilty, Your Honor.
09:48   5            THE COURT:  And how do you plead to the charge in
        6   Count 3 that on or about September 9, 2014, within the Southern
        7   District of California, the defendant, Marchello Dsaun McCain,
        8   being a person who had previously been convicted in a court,
        9   specifically on or about May 31, 2005, in the district court
09:48  10   for the Fourth Judicial District for the State of Minnesota,
       11   County of Hennepin, of two counts of assault in the second
       12   degree in violation of Minnesota Statute Section 609.222, a
       13   crime punishable by imprisonment for a term exceeding one year,
       14   did knowingly and unlawfully possess firearms in and affecting
09:48  15   commerce, specifically a Glock model 17 9 millimeter caliber
       16   pistol and a Mossberg model 500 12 gauge pump action shotgun,
       17   serial number T893954, all in violation of Title 18 United
       18   States Code Section 922(g)(1); guilty or not guilty, sir?
       19            THE DEFENDANT:  Guilty, Your Honor.
09:49  20            THE COURT:  And how do you plead to the charge in
       21   Count 4 that on or about January 23, 2015, within the Southern
       22   District of California, the defendant, Marchello Dsaun McCain,
       23   being a person who had previously been convicted in a court,
       24   specifically on or about May 31, 2005, in the district court
09:49  25   for the Fourth Judicial District of the State of Minnesota,
```

```
             1   County of Hennepin, of two counts of assault in the second
             2   degree in violation of Minnesota Statute Section 609.222, a
             3   crime punishable by imprisonment for a term exceeding one year,
             4   did knowingly and unlawfully possess firearms and ammunition in
    09:49    5   and affecting commerce, specifically a stolen Springfield
             6   Armory model XD 9 millimeter pistol, serial number US96206,
             7   nine rounds of Winchester 9 millimeter ammunition, one round of
             8   Federal 9 millimeter ammunition, five rounds of Winchester PDX1
             9   Defender 12 gauge shotgun rounds, 15 rounds of Winchester PDX1
    09:50   10   Defender .38 special hollow point ammunition, and 35 rounds of
            11   Century Arms 7.62 by 35 millimeter HotShot ammunition, all in
            12   violation of Title 18 United States Code Section 922(g)(1);
            13   guilty or not guilty, sir?
            14           THE DEFENDANT:  Guilty.
    09:50   15           THE COURT:  And how do you plead to Count 5, that on
            16   or about January 23 of 2015, within the Southern District of
            17   California, the defendant, Marchello Dsaun McCain, being a
            18   person who had previously been convicted of a crime of violence
            19   and an offense under state law that would constitute a crime of
    09:50   20   violence if occurred within the special maritime and
            21   territorial jurisdiction of the United States, specifically on
            22   or about May 31, 2005, in the district court for the Fourth
            23   Judicial District of the State of Minnesota, County of
            24   Hennepin, two counts of assault in the second degree in
    09:51   25   violation of Minnesota Statute Section 609.222, a crime
```

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | punishable by imprisonment for a term exceeding one year, did        |
|       | 2  | knowingly possess in and affecting commerce body armor, serial       |
|       | 3  | number 125375, that had been shipped and transported in              |
|       | 4  | interstate and foreign commerce in violation of Title 18 United      |
| 09:51 | 5  | States Code Section 931; guilty or not guilty?                       |
|       | 6  | THE DEFENDANT: Guilty, Your Honor.                                   |
|       | 7  | THE COURT: And how do you plead to the charge in                     |
|       | 8  | Count 6 that on or about January 26, 2015, within the Southern       |
|       | 9  | District of California, the defendant, Marchello Dsaun McCain,       |
| 09:51 | 10 | being a person who had previously been convicted in a court,         |
|       | 11 | specifically on or about May 31, 2005, in the district court         |
|       | 12 | for the Fourth Judicial District for the State of Minnesota,         |
|       | 13 | County of Hennepin, of two counts of assault in the second           |
|       | 14 | degree, in violation of Minnesota Statute Section 609.222, a         |
| 09:51 | 15 | crime punishable by imprisonment for a term exceeding one year,      |
|       | 16 | did knowingly and unlawfully possess firearms in and affecting       |
|       | 17 | commerce, specifically a Glock model 17 gen 4 9 millimeter           |
|       | 18 | pistol, serial number VEM605, a Harrington and Richardson 1871       |
|       | 19 | Pardner Pump 12 gauge shotgun, serial number NZ541169, and an        |
| 09:52 | 20 | M1 carbine 30 caliber semiautomatic rifle, serial number             |
|       | 21 | 3469868, all in violation of Title 18, United States Code            |
|       | 22 | Section 922(g)(1); guilty or not guilty, sir?                        |
|       | 23 | THE DEFENDANT: Guilty.                                               |
|       | 24 | THE COURT: I accept your guilty plea to the first six                |
| 09:52 | 25 | counts.                                                              |

|       |    |                                                                |
|-------|----|----------------------------------------------------------------|
|       | 1  | Do you want me to set a sentencing hearing, or do you          |
|       | 2  | just want status at the time?                                  |
|       | 3  | MR. ZUGMAN: I think we should figure out what we're            |
|       | 4  | going to do with the other count before we set sentencing      |
| 09:52 | 5  | because we don't want the probation office -- to inconvenience |
|       | 6  | them, so I think we should put it off until April.             |
|       | 7  | THE COURT: Status on April 11 at 9:00. Does that               |
|       | 8  | sound all right?                                               |
|       | 9  | MR. HARRIGAN: Yes, Your Honor.                                 |
| 09:52 | 10 | And for the record, time is excludable as to Count 7.          |
|       | 11 | THE COURT: The motion is pending, so time is                   |
|       | 12 | excludable, but with regard to the sentence, Mr. McCain, you've|
|       | 13 | got a right to be sentenced on this and obviously much shorter |
|       | 14 | period than what they're asking for. Is that going to be all   |
| 09:53 | 15 | right with you if I put off ordering the presentence report    |
|       | 16 | until at least April 11th at 9:00?                             |
|       | 17 | THE DEFENDANT: Yes.                                            |
|       | 18 | THE COURT: And that's --                                       |
|       | 19 | MR. HARRIGAN: Yes, Your Honor.                                 |
| 09:53 | 20 | THE COURT: We'll set it for status regarding the PSR           |
|       | 21 | on the 11th at 9:00.                                           |
|       | 22 | MR. ZUGMAN: One housekeeping matter. In early                  |
|       | 23 | January, I filed a motion for payment in excess of the         |
|       | 24 | statutory maximum given the complexity and length --           |
| 09:53 | 25 | THE COURT: I thought I signed that.                            |

```
09:53
```

1  MR. ZUGMAN:  It did not appear on the docket.  So I
2  knew it wasn't really an issue.  I just wanted to --
3  THE COURT:  If it's not on the docket, resubmit it.
4  MR. ZUGMAN:  I'll resubmit it.
5  THE COURT:  I'm 99 percent sure I signed it.
6  MR. ZUGMAN:  Thank you.
7  THE COURT:  If I haven't, I will sign it.
8  MR. ZUGMAN:  Thank you, Your Honor.
9  THE COURT:  All right.

---o0o---

C-E-R-T-I-F-I-C-A-T-I-O-N

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Dated March 16, 2016, at San Diego, California.


/s/ Dana Peabody
_____
Dana Peabody,
Registered Diplomate Reporter
Certified Realtime Reporter