DAVID J. ZUGMAN
California Bar No. 190818
1010 2nd Avenue, Suite 1800
San Diego, California  92101-5008
Telephone:  (619) 699-5931
Facsimile:  (619) 924-2201
dzugman@gmail.com

Attorney for Marchello McCain

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARCHELLO DSAUN McCAIN,<br><br>　　　　Defendant. | Criminal No. 15CR0174-W<br><br>Date: April 11, 2016<br>Time: 9:00 a.m.<br>Courtroom: 3C<br><br>Notice of Supplemental Citation for *Johnson v. United States* Argument Regarding Vagueness and Notice |

To:　Laura E. Duffy, United States Attorney, and Caroline P. Han and Shane P. Harrigan, Assistant United States Attorneys.

　　This matter is scheduled for a status and motion hearing on April 11, 2016, at 9:00 a.m. McCain has a pending motion to dismiss the allegation that his case "involves international terrorism" because 18 U.S.C. § 1001 limits the definition of terrorism to what Congress has painstakingly defined in 18 U.S.C. § 2331. CR 37-1, p. 5-7. In the alternative, McCain argued that the bare allegation that the case "involved international terrorism" was too vague and standardless to provide constitutionally sufficient notice and cited *United States v. Johnson*, 135 S. Ct. 2551, 2556, 192 L. Ed. 2d 569 (2015), the Supreme Court case that voided the Armed Career Criminal Act's residual clause as vague. CR 37-1, p. 9-11.

　　*Valenzuela Gallardo v. Lynch,* 2016 U.S. App. LEXIS 5894 (9th Cir. March 30, 2016), relied upon *Johnson* to hold that California Accessory after the Fact

1 | offenses (CPC § 32) are too general to allow the conclusion that they all involve
2 | 'obstruction of justice' as that phrase is used to define aggravated felonies.

> The Government and dissent assure us that the BIA's new interpretation is sufficiently limited because it still requires specific intent. But this does little to answer the question central to our constitutional concerns—specific intent to do what? *See United States v. Williams*, 553 U.S. 285, 306, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008) ("What renders a statute vague, however, is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminancy of precisely what that fact is." (emphasis added)). Though it ostensibly defines the required mens rea—intent to interfere with the "process of justice"—it provides little instruction on the equally important actus reus. *Cf. Leal v. Holder*, 771 F.3d 1140, 1146 (9th Cir. 2014) ("[B]oth the actus reus and the mens rea must be considered in concert to determine whether the behavior they describe is sufficiently culpable." (citation omitted)); *Trung Thanh Hoang v. Holder*, 641 F.3d 1157, 1161 (9th Cir. 2011) (*"Espinoza-Gonzalez* 'articulated both an actus reus and mens rea element of the generic definition of [obstruction of justice] crimes for purposes of §1101(a)(43)(S).'" (alteration in original) (citation omitted)). Specific intent does little to accord fair notice when there is no indication of what it is that must be interfered with in order to "obstruct justice."

*Valenzuela Gallardo v. Lynch*, No. 12-72326, 2016 U.S. App. LEXIS 5894, at *30-31 (9th Cir. Mar. 31, 2016). Because McCain intends on arguing that *Valenzuela Gallardo* is controlling precedent, he is citing it to this Court. A copy of *Valenzuela Gallardo* is attached to this pleading.

                                                              Respectfully Submitted,

Date: April 4, 2016                                S/David J. Zugman
                                                                     David J. Zugman
                                                                     For McCain

**CERTIFICATE OF SERVICE**

I the undersigned declare under penalty of perjury, that I am over the age eighteen years and I am not a party to the above-entitled action. I have caused service of

   Supplemental Citation

on the following parties by electronically filing the foregoing with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies them:

   Caroline P. Han and Shane P. Harrigan, Assistant United States Attorneys

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2016          S/David Zugman
                                   DAVID J. ZUGMAN