LAURA E. DUFFY
United States Attorney
SHANE P. HARRIGAN
CAROLINE P. HAN
Assistant U.S. Attorney
California Bar Nos.: 115757/250301
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6981/6968
Fax: (619) 546-0831
Email:  shane.harrigan@usdoj.gov
        caroline.han@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 15CR0174-W |
| Plaintiff, | Date:  April 11, 2016<br>Time:  9:00 a.m. |
| v. | |
| MARCHELLO DSAUN MCCAIN, | UNITED STATES' SUPPLEMENTAL BRIEFING IN RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION DISMISS COUNT 7 |
| Defendant. | |

The UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Shane P. Harrigan and Caroline P. Han, Assistant U.S. Attorneys, hereby files its Supplemental Briefing in Response in Opposition to Defendant's Motion to Dismiss Count 7 of the Second Superseding Indictment.

# I.

## INTRODUCTION

In his supplemental briefing filed with this Court on April 4, 2016, Defendant relies on the Ninth Circuit's recent decision in *Valenzuela Gallardo v. Lynch*, ___ F.3d ___, 2016 WL 1253877, Slip. Op. No. 12-72326 (9th Cir. March 31, 2016) for the proposition that the statutory enhancement of 18 U.S.C. § 1001 -- which increases the maximum statutory penalty to eight years if the false statement "involves international or domestic terrorism" -- is unconstitutionally vague. As discussed below, Defendant's reliance on *Valenzuela Gallardo* is misplaced.

# II.

## ARGUMENT

**A.   THE HOLDING OF *VALENZUELA GALLARDO* IS INAPPLICABLE TO THIS CASE**

   **1.   Facts and Holding of *Valenzuela Gallardo***

In *Valenzuela Gallardo*, petitioner, a citizen of Mexico, pled guilty to violating California Penal Code § 32, accessory to a felony. *Valenzuela Gallardo*, Slip. Op. No. 12-72326, at 3. An immigration judge then ordered him removed to Mexico, concluding that his conviction constituted an "offense relating to obstruction of justice" and therefore an aggravated felony under the Immigration and Nationality Act (INA) § 101(a)(43)(S). *Id.* at 3-4. The Board of Immigration Appeals (BIA) dismissed petitioner's appeal. In its decision, the BIA announced a new interpretation of "obstruction of

justice" that requires only "the affirmative and intentional attempt, with specific intent, to interfere with *the process of justice*." *Id.* at 6 (emphasis added).

On appeal, the Ninth Circuit found that the BIA's ruling was contrary to both the Ninth Circuit and the BIA's prior construction of the statutory meaning of an "offense relating to obstruction of justice" because it required no nexus to an ongoing investigation or proceeding. *Id.* at 6, 8-11. The Ninth Circuit held that this revised interpretation requiring a showing of intent to interfere with the "process of justice" raised serious constitutional concerns about whether the statute was unconstitutionally vague. *Id.* at 20-27. In so holding, the Ninth Circuit noted that neither the phrase "process of justice" nor the phrase "obstruction of justice" had a settled legal meaning under statute or case law. *Id.* at 22-23. The Ninth Circuit added that under the new definition, "everything that happens after someone commits a crime could be considered to be part of the 'process of justice'." *Id.* The Ninth Circuit reasoned that this new interpretation could not be reconciled with a prior BIA *en banc* opinion which the court declared that it does "not believe that every offense that, by its nature, would tend to 'obstruct justice' is an offense that should be properly classified as 'obstruction of justice.'" *Id.* (citation omitted). In the end, the Ninth Circuit remanded the case to the BIA to apply their previous interpretation of the statute to petitioner's case, or, in the alternative, provide a

new interpretation or formulation of a construction that does not raise grave constitutional doubts. *Id.* at 32.

### 2. The Facts of *Valenzuela Gallardo* are inapposite

Defendant's reliance on *Valenzuela Gallardo* is misplaced. The facts of *Valenzuela Gallardo* are inapposite.

Unlike the statute in *Valenzuela-Gallardo* which does not provide a statutory definition of "obstruction of justice," Section 1001 provides a specific definition of "international terrorism" by reference to 18 U.S.C. § 2331. *See* 18 U.S.C. § 1001(A) ("if the offense involve international ... terrorism (as defined in section 2331)..."). Defendant improperly relies on a selected portion of the *Valenzuela Gallardo* decision in an attempt to rebut the United States' argument that the scienter requirement of the section 1001 charge (i.e., willfulness) significantly reduces any constitutional concerns as to vagueness or proper notice. [*See* Doc. 38, United States' Response in Opposition, p. 23.] In *Valenzuela Gallardo*, the Ninth Circuit did reject the Government's argument that that the BIA's revised interpretation of "obstruction of justice" was not constitutionally vague because it still had a scienter requirement, i.e., required the specific intent to interfere. *Valenzuela Gallardo*, Slip. Op. No. 12-72326, at 25-26. However, in rejecting this argument, the Ninth Circuit noted that while the revised interpretation did provide fair notice as to the required *mens rea*, it provided little notice as to what it must be interfered with in order

to obstruct justice. *Id.* at 26.  Here, the facts are inapposite.  The Section 1001 charge not only provides notice of the scienter, i.e., willfulness, it also gives specific notice of what the false statement must involve, i.e., "international terrorism."  Unlike the statute in *Valenzuela Gallardo*, here, section 1001 provides a specific definition of "international terrorism" under 18 U.S.C. § 2331.  As such, the statutory enhancement of section 1001 is not unconstitutionally vague, and does provide constitutionally sufficient notice.

Moreover, unlike the facts of *Valenzuela Gallardo*, here, based on the plain language of the statute, the Government concedes that it must prove a nexus between the Defendant's false statement and a matter involving international terrorism.  Section 1001 plainly states that the statutory enhancement only applies "if the offense *involves* international or domestic terrorism."  18 U.S.C. § 1001(a) (emphasis added.)  Here, unlike *Valenzuela Gallardo,* there is not "grave constitutional concerns" that every false statement made by a defendant would trigger the statutory enhancement.

//

//

//

//

//

//

//

## III.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Defendants' motion to dismiss.

DATED: April 8, 2016.          Respectfully submitted,

　　　　　　　　　　　　　　　　　　LAURA E. DUFFY
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　*/s/Shane P. Harrigan*
　　　　　　　　　　　　　　　　　　SHANE P. HARRIGAN
　　　　　　　　　　　　　　　　　　CAROLINE P. HAN
　　　　　　　　　　　　　　　　　　Assistant United States Attorneys

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 15cr0174-W |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| MARCHELLO DSAUN MCCCAIN, | ) | |
| | ) | |
| Defendant. | ) | |

I, the undersigned declare under penalty of perjury, that I am over the age eighteen years and I am not a party to the above-entitled action; that I served the following document: United States' Supplemental Briefing in Response in Opposition to Defendant's Motion to Dismiss Counts 7, in the following manner: by electronically filing with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies them.

**David Zugman, Esq.,**
**Attorney for Defendant Marchello Dsaun McCain**


Dated: April 8, 2016.

/s/Shane P. Harrigan
SHANE P. HARRIGAN
Assistant U.S. Attorney

15cr0174-W

7